[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11930
Non-Argument Calender
_____

D. C. Docket No. 03-03029-CV-CC-1

GARY D. MULLIS,

Plaintiff-Appellee,

versus

COBB COUNTY BOARD OF COMMISSIONERS, et al.,

Defendants,

SGT. WILLIAMS,
Shift Commander,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(October 24, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. The plaintiff, Gary Mullis, claims that while he was an inmate at the Cobb County Adult Detention Center (the "Detention Center"),[1] Sergeant Michael Williams, the shift commander, used excessive force in violation of the Eighth and Fourteenth Amendments in removing a homemade necklace that, according to Williams, Mullis was wearing in violation of the Center's rules and the standards contained in the inmate handbook. Williams plead qualified immunity as a defense to Mullis's claim and filed a motion for summary judgment. The court denied the motion and thus rejected that defense. In this interlocutory appeal, Williams challenges the court's rejection of his qualified immunity defense.

As an initial matter, we note that a district court's denial of qualified immunity on summary judgment "is an immediately appealable order, provided that it concerns [as in this case] solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established and (2) whether the alleged acts violated that law." Koch v. Rugg, 221 F.3d 1283, 1294 (11th Cir. 2000) (emphasis in original). In reviewing the court's ruling, "we do not make credibility determinations or choose between conflicting testimony, but instead accept Plaintiff's version of the facts drawing all justifiable inferences in Plaintiff's

---

[1] Mullis had been booked into the Detention Center on a probation violation warrant on July 2, 2003. The incident complained of occurred on July 23, 2003.

favor." Bozeman v Orum, 422 F.3d 1265, 1267 (11th Cir. 2005).

We have often stated that "[q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Valdes v. Crosby, 450 F.3d 1231, 1236 (11th Cir. 2006). "In order to receive the protection of qualified immunity, the government official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Id. at 1236. There is no dispute in this case that Williams was acting within the scope of his discretionary authority as a shift commander at the Detention Center.

"Once eligibility for qualified immunity is established, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Valdes, 450 F.3d at 1236. We explained that:

> First, we ask, do the facts alleged show the government official's conduct violated a constitutional right? If a constitutional violation is established, based on the facts in the light most favorable to the plaintiff, we then must determine whether such conduct would have violated federal law that was clearly established at the time of the incident.

Id. (internal citations and quotations omitted).

Thus, the first question in the analysis is whether Williams violated Mullis's Eighth Amendment right to be free from cruel and unusual punishment. "The

3

Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Valdes, 450 F.3d at 1236. "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." Id.

Under the Eighth Amendment standard, "whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." Bozeman, 422 F.3d at 1271.[2] "To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (internal citations omitted). "From consideration of such factors, inferences may be drawn as to whether the use of force could plausibly have been

---

[2] We explained in Bozeman that, even though the plaintiff in that case was a pretrial detainee alleging the use of excessive force in violation of the Fourteenth Amendment's Due Process Clause, we applied the standard used to assess excessive force claims by convicted prisoners under the Eighth Amendment. Bozeman, 422 F.3d at 1271.

4

thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. at 1300-01 (internal citations omitted). We have also noted that "words-alone-are far from determinative of bad faith on the part of [officers] . . . such language is used by law enforcement officers 'to attempt to defuse a situation before the actual use of force is imminent.'" Bozeman, 422 F.3d at 1272 n.11.

Additionally, the Supreme Court explained in Hudson "that [not] every malevolent touch by a prison guard gives rise to a federal cause of action" and that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10, 112 S.Ct. at 1000 (holding that the Fifth Circuit erred in holding the prisoner's claim "untenable" based on his injuries being "minor" because the blows directed at the prisoner, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).

On the record before us in this case, we do not hesitate in concluding that the district court erred in failing to grant Williams summary judgment based on his qualified immunity defense. Mullis failed to establish, first, that Williams violated

5

his Eighth Amendment right to be free from cruel and unusual punishment. Williams's application of force was not actionable under the Eighth Amendment because it was applied in a good faith effort to maintain discipline rather than maliciously or sadistically for the purpose of causing harm. In fact, the statements of Mullis's fellow inmates and Mullis's deposition testimony support the need for the force Williams applied. Moreover, the relationship between the need and the amount of force was reasonable. Neither Mullis nor the other inmates stated that Williams's actions extended beyond grabbing and holding onto Mullis to remove the necklace. And Mullis stated that Williams neither struck him nor kicked him and only held him against the door until it could be manually opened. Furthermore, none of the inmates' statements set forth any injuries suffered by Mullis because of Williams's actions, and Mullis provided no evidence of injuries. Nothing in the record establishes that Williams's actions injured Mullis. Mullis's treating doctor stated, and the medical records reflect, that Mullis sought treatment two days after the incident for his hernia and heartburn condition and, at that time, never referred to any injuries supposedly caused by Williams.

In sum, the evidence viewed in the light most favorable to Mullis fails to establish that Williams violated his Eighth Amendment right to be free from cruel and unusual punishment. Williams was entitled to qualified immunity. The

district court's ruling denying him that defense is accordingly reversed.

SO ORDERED.